UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

DEBORAH JOHNSON-HINES, et ano,

                    Plaintiffs,     <u>ORDER</u>

        - against -                 CV 2005-5173 (SJ)(MDG)

FRANKIE L. FREEMAN, et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - -X

By letter motion filed on July 20, 2006, Anne Montone,
counsel for plaintiffs, seeks an order to compel defendant Fred D.
Way III, Esq. to respond to Plaintiffs' First Request for
Production of Documents.  Ct. doc. 35.  To date, defendant Way has
neither filed a response nor otherwise opposed the motion.

## <u>DISCUSSION</u>

A party may seek an order compelling discovery pursuant to
Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure if an
adversary fails to produce documents requested under Rule 34.  As
discussed in plaintiffs' motion, counsel for defendant Way orally
advised Ms. Montone that his client claimed to have no responsive
documents.  However, Rule 34(b) specifies that any "party upon
whom the request is served <u>shall</u> serve a <u>written</u> response within
30 days after service of the request." Fed. R. Civ. P. 34(b)
(emphasis added); 8A Wright, Miller & Marcus, <u>Federal Practice and
Procedure: Civil 2d</u>, § 2213 at 424 (1994) (written response
mandatory).  The litigant should respond by agreeing to produce

the documents requested, objecting to some or all requests or moving for a protective order.  See Badalamenti v. Dunham's Inc., 896 F.2d 1359 (Fed. Cir. 1990).

In any event, Ms. Montone persuasively argues in her application why defendant Way should have responsive documents for a number of documents requests.  This Court is skeptical that Mr. Way, a licensed attorney, see Complaint at ¶ 16, would not have any documents pertaining to a real estate transaction in which he represented one of the participants, copies of business licenses or business cards, or other documents pertaining to another lawsuit in which he is named a defendant.  In the absence of any explanation or response by defendant Way to plaintiffs' application, I find that defendant Way has failed to respond to proper requests for documents.  I also find that the requests are seek relevant information and are proper.

Thus, the remaining issue is what relief is appropriate. Rule 37(a)(4) provides that "the court shall ... require the party or deponent whose conduct necessitated the motion ... to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(4)(A); see also Corp. of Lloyd's v. Lloyd's U.S., 831 F.2d 33, 36 (2d Cir. 1987).  In addition, Rule 37(d) provides that a court "may make such orders in regard to the

failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

Having failed to oppose the motion, defendant Way has not shown any justification for not responding; his statement through counsel that he has no responsive documents does not suffice. Under the circumstances of this case, this Court sanctions defendant Way $250, payable to the plaintiffs' for their fees and costs of making this motion.  <u>See</u> Fed. R. Civ. P. 37(a)(4).  A monetary sanction is also appropriate here in order to deter this defendant and other litigants from ignoring valid discovery requests.  <u>See</u> <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts").

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to compel is granted and defendant Way is directed to respond to the document requests by September 6, 2006.  If defendant Way persists in his claim that he is unable to produce any documents, he must submit a sworn statement describing in detail as to each request whether he ever had any responsive documents and if he once had, the

reason why he no longer has custody or possession of such documents.

Defendant Way is sanctioned $250, to be paid by September 6, 2006 to the plaintiffs for the costs and fees of this motion.

**Defendant Way is warned that if he fails to comply with this order or to respond to future discovery requests and orders in a timely fashion, further and more drastic sanctions <u>will</u> be imposed, including entry of default.**

**SO ORDERED.**

Dated:    Brooklyn, New York
          August 22, 2006

                              /s/_____
                              MARILYN D. GO
                              UNITED STATES MAGISTRATE JUDGE